UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ROBERT E. DONALDSON,

                          Plaintiff,

                                                          <u>DECISION AND ORDER</u>

                                                          09-CV-6293L

                        v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

                          Defendant.
_____

The Commissioner of Social Security affirmed the decision of Administrative Law Judge ("ALJ") Nancy Lee Gregg that plaintiff, Robert E. Donaldson ("Donaldson"), was not entitled to a period of disability insurance benefits beginning on January 6, 1999, because he was not an insured person under the Act as of the date of his disability. Donaldson, represented by counsel, now appeals that decision by filing this lawsuit, pursuant to 42 U.S.C. §405(g). After reviewing the record, and all the pleadings submitted on the cross-motions for judgment, I believe that the ALJ's and the Commissioner's decisions are supported by substantial evidence and, consequently, I affirm the decision of the Commissioner denying disability benefits and dismiss the complaint.

DISCUSSION

To say the least, this case has experienced a lengthy and tortured history, involving proceedings before two separate ALJs, references to a separate proceeding before the New York State Worker's Compensation Board, and proceedings before the Office of Inspector General concerning a fraud inquiry involving Donaldson's applications for benefits. Although Donaldson originally was awarded benefits, the Commissioner after reviewing ALJ Gregg's decision reversed

that determination, denied Donaldson benefits and determined that Donaldson had received an overpayment of over $26,000 for the period from July 1999 until October 2001.

Although the prior proceedings took a convoluted course, the issues before ALJ Gregg were rather straightforward, and the inquiry was extremely fact-based. The ultimate issue was whether Donaldson met the insured status requirements of the Act at the time of his injury. The parties agreed that Donaldson's alleged disability was occasioned by a single event which occurred on January 6, 1999, when Donaldson fell from a scaffold and suffered a torn right rotator cuff. The law is clear, and the parties do not dispute, that Donaldson had to have the requisite insured status under the Act as of that date. The ALJ and the Commissioner both determined, after an exhaustive review of pertinent matters, that Donaldson's last insured date was March 31, 1998, and therefore he was not entitled to benefits for a disability occurring thereafter.

ALJ Gregg conducted an exhaustive review of the facts surrounding plaintiff's insured status. These inquiries focused on whether Donaldson was in fact employed by his alleged employer, the Faith Deliverance Church ("the Church") during the requisite time, and whether he was in fact paid wages consistent with his claimed employment.

ALJ Gregg conducted a hearing on the matter and made considerable effort to obtain from Donaldson and his counsel documents and records to verify Donaldson's claimed employment and receipt of wages. At the conclusion of those proceedings, ALJ Gregg issued a 26-page decision summarizing in great detail the facts and her findings relative to them. There is no need for this Court to restate what ALJ Gregg determined. In short, the ALJ concluded that there was no bona fide employment relationship between Donaldson and the Church during the disputed time. The ALJ was convinced that the Church, whose pastor was Donaldson's wife, took steps after the fact, as a consequence of Donaldson's application for benefits, to make it appear that Donaldson had been an employee when he was not. The ALJ made specific findings that Donaldson's statements about his employment activities were not credible and were false. She discounted the testimony that Donaldson was paid $600 a week, but only in cash. She found it unlikely that an employer would

pay such a sum to an employee without any record or documentation to that effect. The ALJ also concluded that Donaldson had affirmatively attempted to mislead the ALJ by misstating the result of a New York State Worker's Compensation Board decision, which had determined that there was no employee-employer relationship between Donaldson and the church. Specifically, Donaldson had submitted to the ALJ an incomplete excerpt of a decision, which made it appear that a contrary result had been reached.

After reviewing all the facts, the ALJ determined that Donaldson's actions and representations were false and fraudulent, and that the materials submitted on his behalf by his wife and other officials of the Church were fraudulent, as well. Based on the exhaustive review of the evidence, the ALJ concluded that Donaldson had not an employee of the Church during the relevant time period, and was not engaged in a trade or business so as to be considered self-employed. Based on these findings, she concluded that he did not have the required insured status as of the date of his disabling event, in January 1999.

This Court's review is limited by the strictures of 42 U.S.C. §405(g). This Court does not sit to review these findings *de novo*, but only reviews the factual findings of the Commissioner to determine whether they are based on correct legal standards and are supported by substantial evidence. Substantial evidence has been defined by the United States Supreme Court and other courts in the context of a Social Security case as constituting "more than a mere scintilla" and is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). The law is clear that if there is substantial evidence of record to support the Commissioner's findings, those findings are conclusive and this Court must affirm them. *See Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir.2002) ("[w]here the Commissioner's decision rests on adequate findings supported by evidence having rational probative force, [this Court] will not substitute our judgment for that of the Commissioner"); *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir.1999) ("it is not the function of a reviewing court to decide *de novo* whether a claimant was disabled").

It is hard to imagine a written decision based on a more lengthy or thorough analysis of the operative facts than the one presented here. The ALJ exhaustively set forth the facts relating to Donaldson, his employment, his relationship to the Church, and she scrutinized all the materials that were submitted by Donaldson and others to support his claim for disability benefits.

In my view, there is substantial evidence to support he ALJ's decision. All of the matters that ALJ Gregg discussed and relied upon were supported by the evidence before her, and the conclusions she reached about those matters are logical and reasonable. In my view, there was more than substantial evidence to support the ALJ's decision that there was no employee-employer relationship, that Donaldson did not receive the monies he claimed, in the fashion that he claimed, that he did attempt to mislead the ALJ by submitting false and misleading information and that others on his behalf did so as well. In light of all that evidence, which the ALJ was certainly entitled to interpret and credit as she saw fit, there is substantial evidence to support the ALJ's conclusion as affirmed by the Commissioner that the plaintiff's insured status ended in or about March 1998, and that he did not have the required insured status on the date of his disability, January 6, 1999.

CONCLUSION

The Government's motion for judgment on the pleadings (Dkt. #12) is granted and the plaintiff's cross-motion (Dkt. #15) is denied. I accept and affirm the decision of the Commissioner appealed from pursuant to 42 U.S.C. § 405(g), and I dismiss the complaint with prejudice.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
January 24, 2011.